# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q. GATES DIAZ NGUYEN,<br>CDCR #T-94013,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LINDA YOST,<br><br>　　　　　　　　　Defendant. | Civil No.　07-2096 L (CAB)<br><br>**ORDER:**<br><br>**(1)　DISMISSING CIVIL ACTION AS DUPLICATIVE PURSUANT TO 28 U.S.C. § 1915A(b)(1); and**<br><br>**(2)　DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT**<br>　**[Doc. No. 2]** |

　　　Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. §1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No 2].

////

////

1  The proceedings were assigned to this Court, but all post-service matters have been referred to Magistrate Judge Cathy Ann Bencivengo by Local Rule 72.3(e), "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges," pursuant to 28 U.S.C. § 636.

**I.  Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). The Court must sua sponte dismiss prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

Plaintiff's instant Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it appears to be duplicative of a civil rights case Plaintiff is already litigating. Plaintiff's Complaint contains identical claims and defendants that are found in *Nguyen v. Yost*, S.D. Cal. Civil Case No. 07-1608 H (LSP). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff has already litigated the same claims presented in the instant action in *Nguyen v. Yost*, S.D. Cal. Civil Case No. 07-1608 H (LSP), the Court hereby **DISMISSES** Civil Case No. 07-2096 L (CAB) pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

////

////

## II. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Complaint in Civil Case No. 07-2096 L (CAB) is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED** as moot.

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: November 6, 2007

_____
M. James Lorenz
United States District Court Judge